827 N.E.2d 1190 (2005)
In the Matter of U.M., Appellant-Respondent,
v.
STATE of Indiana, Appellee.
No. 49A04-0410-JV-530.
Court of Appeals of Indiana.
May 26, 2005.
*1191 Michael E. Caudill, Indianapolis, IN, Attorney for Appellant.
Stephen R. Carter, Attorney General of Indiana, Ellen H. Meilaender, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

OPINION
HOFFMAN, Senior Judge.
Respondent-Appellant U.M. appeals his adjudication as a delinquent child for committing the offense of disorderly conduct, a Class B misdemeanor if committed by an adult, Ind.Code § 35-45-1-3.
We reverse.
U.M. presents one issue for our review, which we restate as: whether the evidence is sufficient to sustain U.M.'s adjudication. Within this issue is the issue of whether U.M.'s adjudication based upon disorderly conduct violates article 1, § 9 of the Indiana Constitution.
The facts of this case are as follows. Police officers received a report of juveniles spray-painting graffiti on a garage. When Officer Laton arrived at the scene, U.M. was in the back seat of a car with another individual. Officer Laton instructed the people in the car to hold up their hands. Despite Officer Laton's directions to do so, one individual in the back seat of the car did not keep his hands up. U.M. was sitting next to this individual in the back seat of the car and yelled at Officer Laton, "F---- you, he can't keep his arms up, his arms hurt." Tr. at 14. Officer Laton told U.M. to stop yelling, and the officer then removed U.M. and the other individual from the car. U.M. continued yelling statements such as, "You guys are all racists; f---- the police." Tr. at 14. Officer Laton testified that he instructed U.M. to stop yelling two or three times *1192 and that it took U.M. two or three minutes to heed his orders. Based upon this incident, the State filed a petition alleging U.M. to be a delinquent child for committing the offense of disorderly conduct. U.M. was found to be delinquent by the juvenile court, and this appeal ensued.
U.M. contends that there was insufficient evidence to support a finding of disorderly conduct. Particularly, U.M. argues that his conduct constitutes political speech protected by article 1, § 9 of the Indiana Constitution; therefore, it cannot be the basis for a charge of disorderly conduct.
The disorderly conduct statute provides, in pertinent part:
A person who recklessly, knowingly, or intentionally:
* * * * * *
(2) makes unreasonable noise and continues to do so after being asked to stop; or
* * * * * *
commits disorderly conduct, a Class B misdemeanor.
Ind.Code § 35-45-1-3. Further, article 1, § 9 of the Indiana Constitution provides:
No law shall be passed, restraining the free interchange of thought and opinion, or restricting the right to speak, write, or print, freely, on any subject whatever; but for the abuse of that right, every person shall be responsible.
Our supreme court has created a two-step analysis for determining the constitutionality of an application of the disorderly conduct statute under § 9. See Whittington v. State, 669 N.E.2d 1363, 1367 (Ind.1996). First, the reviewing court must determine whether state action has restricted a claimant's expressive activity. Second, if state action has restricted the claimant's expressive activity, the court then must decide whether the restricted activity constituted an "abuse" of the right to speak. Id. When making this determination, the reviewing court is typically only required to find that the conclusion is rational. Id. at 1369.
With regard to the second prong of the analysis, a claimant may show that the expressive activity was not an abuse of his right to free speech by showing that his expression was political. Id. If the claimant is able to meet this burden, the State must demonstrate that it did not materially burden the claimant's opportunity to engage in political expression. Id. The State can do this by producing evidence that the expression inflicted particularized harm analogous to tortious injury on readily identifiable private interests. Shoultz v. State, 735 N.E.2d 818, 825 (Ind.Ct.App.2000). In order to demonstrate this particularized harm, the State must show that the expression caused actual discomfort to persons of ordinary sensibilities or that it interfered with an individual's comfortable enjoyment of his privacy. Id. at 825-26. Evidence of mere annoyance or inconvenience is not sufficient. Price v. State, 622 N.E.2d 954, 964 (Ind.1993).
Expressive activity is political, for purposes of the responsibility clause contained in article 1, § 9, if its point is to comment on government action, including criticism of the conduct of an official acting under color of law. Whittington, 669 N.E.2d at 1370. However, where an individual's expression focuses on the conduct of a private party, including the speaker himself, it is not political. Id. The courts need not speculate as to what the speaker meant; rather, the expression will be judged by an objective standard, and the burden of proof is on the claimant to demonstrate that his expression was political. Id. If the expression is ambiguous, the *1193 reviewing court should find that the expression was non-political and should review the state-imposed restriction of the expression under the rationality test. Id.
In making our determination in the present case, we are constrained to follow the case law of this state as set forth by our supreme court in Price. There, Price was found to have engaged in political speech when she screamed obscenities at a police officer in connection with the arrest of a third party. The court determined that Price's expressive activity was political speech because she was protesting the legality and appropriateness of police conduct in arresting a fellow partygoer. The court held that although the exchange took place in the wee hours of the morning causing people to look out their windows and that the "victims" of Price's actions could be readily identified, Price's speech failed to inflict harm beyond that of a fleeting annoyance.
Here, the parties agree that U.M.'s expressive activity was restricted under the first step of the analysis. It is in the analysis of the second prong that the parties assert opposing opinions. The State contends that U.M. abused his right to free speech. However, U.M. claims that his comments were not an abuse of his right to speak because his comments were political speech. Indeed, the transcript reveals that U.M.'s speech was in regard to his companion's inability to hold up his arms and the requirement by Officer Laton that their arms stay in the air. U.M.'s remarks were directed at Officer Laton, and Officer Laton testified that U.M. was commenting on what he was doing at the scene. Although we do not agree with the manner in which U.M. conducted himself, like the defendant in Price, U.M. was expressing himself regarding the legality and appropriateness of police conduct toward his companion. Moreover, once U.M. presented evidence showing that his expression was political (i.e., was not an abuse of his right to free speech), the State needed to demonstrate that it did not materially burden U.M.'s opportunity to engage in political expression. Yet, the State failed to produce any evidence that U.M.'s expression inflicted particularized harm analogous to tortious injury on readily identifiable private interests as required to rebut the defendant's claim of political speech.
Therefore, we reluctantly hold that there is insufficient evidence to support U.M.'s adjudication of disorderly conduct that would be consistent with his right to free speech contained in article 1, § 9 of the Indiana Constitution.
Reversed.
BAKER, J., and BAILEY, J., concur.